## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **INDIAN CREEK ACQUISITIONS, LLC d/b/a MUTUAL TOOL,** | ) ) ) | Case No. 3:13-cv-00199-TMR-SLO Judge Thomas M. Rose |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| **S.P.M. FLOW CONTROL, INC. d/b/a WEIR SPM,** | ) ) ) | |
| Defendant. | ) | |

## CONFIDENTIALITY AND PROTECTIVE ORDER

Indian Creek Acquisitions, LLC and S.P.M. Flow Control, Inc. (collectively, the "Parties" and each a "Party") are in agreement and the Court concurs that good cause exists for the entry of a Protective Order in the above captioned case ("Lawsuit") to protect the confidentiality of documents, materials and information produced during the course of discovery in these proceedings, including confidential and proprietary business information whose disclosure could harm the Parties' interests. Upon consideration of the Parties' Joint Motion For A Protective Order, IT IS HEREBY ORDERED as follows:

1.      This Confidentiality and Protective Order ("Protective Order") shall apply to documents, materials and information disclosed pursuant to disclosure or discovery duties created by the Federal Rules of Civil Procedure, whether the documents, materials or information are obtained through discovery, by subpoena or by any other means. This includes, without limitation, interrogatory answers, responses to requests for production of documents and things, responses to requests for admissions, deposition testimony upon oral or written examination, data that is available electronically on computer systems, deposition exhibits,

motions, affidavits, exhibits and any other "writings and recordings," as defined in Rule 1001 of the Federal Rules of Evidence, made available or produced by the Parties and/or submitted to the Court during the Lawsuit. This Protective Order also applies to any inadvertent production of documents, materials or information protected from disclosure by the attorney-client privilege, work product protection, or other applicable privilege.

2.      Any Party or non-party, when disclosing or producing documents, materials or information herein, shall be known as the "Designator." The Designator may in good faith designate documents, materials or information disclosed or produced as "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" in the manner hereinafter set forth or by written agreement of the Parties at any time.

PROTECTED CONFIDENTIAL MATERIAL

3.      Documents, materials and information which may be designated as "PROTECTED CONFIDENTIAL MATERIAL" are documents, materials and information which the Designator in good faith believes contain confidential business information, including trade secrets or commercial or financial information which may be entitled to confidential treatment. The scope of discovery will also encompass the production of documents, materials or oral testimony which may contain certain proprietary, confidential, or sensitive information that is legally protected and that should not be generally available to the public. Any such documents, materials and information disclosed or produced herein shall be deemed "PROTECTED CONFIDENTIAL MATERIAL" as among the Parties.

4.      Unless prior written consent to further disclosure has been obtained from counsel for the producing party or permission for such disclosure has been given by the Court, "PROTECTED CONFIDENTIAL MATERIAL" shall not be disclosed or summarized by any

2

Party or its counsel to any other person, including without any limitation any officer, director, employee, agent or representative of any Party other than:

        (a)     The Parties;

        (b)     Any inside and outside attorneys of any Party who are assisting in this Lawsuit and their partners, associates, paralegals, clerical, and support staff, and document service and litigation support providers assisting such counsel;

        (c)     Employees and agents of any Party to whom it is deemed necessary that the "PROTECTED CONFIDENTIAL MATERIAL" be shown for purposes of this Lawsuit;

        (d)     Consultants, experts, or employees thereof who are employed or retained, or otherwise consulted by any Party, or their respective counsel in connection with this Lawsuit, but only to the extent necessary for such persons to perform their role as experts or consultants;

        (e)     Any representative of any insurer for any party who is involved in managing or overseeing the handling of this case;

        (f)     Any person who prepared, received, or reviewed the "PROTECTED CONFIDENTIAL MATERIAL" prior to its production in the Lawsuit;

        (g)     A Party's own former employees, to the extent necessary for such former employees to advise or assist counsel in the preparation of the case or to prepare to testify, provided that each such former employee is using such information of another Party or a third-party solely in connection with this action and provided such person executes a copy of Annex 1;

        (h)     During hearings and depositions, and in preparation for hearings and depositions, a fact witness who counsel for any Party in good faith believes may be questioned about the material designated "PROTECTED CONFIDENTIAL MATERIAL," or about any of the specific events, transactions, discussions, or data reflected in the document, provided such witness executes a copy of Annex 1;

3

(i)     During hearings and depositions, any current or former employees of the Designator;

(j)     To the extent deemed necessary by counsel, witnesses whose testimony by deposition or at trial is related to "PROTECTED CONFIDENTIAL MATERIAL;"

(k)     Any mediator to this Lawsuit or any court that has jurisdiction over this matter and its employees ("Court Personnel");

(l)     Stenographic reporters or videographers who are engaged in proceedings necessarily incident to the conduct of this Lawsuit;

(m)    The jury; and

(n)     Those other persons to whom the Parties agree in writing that "PROTECTED CONFIDENTIAL MATERIAL" may be disclosed.

(o)     The persons described in Paragraphs 4(d), (e), (f), (g), (h), (j) and (n) shall have access to "PROTECTED CONFIDENTIAL MATERIAL" only after they have been made aware of the terms of this Protective Order and have manifested their assent in writing to be bound thereby, by executing the Confidentiality Agreement ("Annex 1"). Further, persons receiving "PROTECTED CONFIDENTIAL MATERIAL" are enjoined from disclosing it to any other person, except in conformity with this Protective Order.

## PROTECTED CONFIDENTIAL MATERIAL - ATTORNEYS' EYES ONLY

5.      The parties acknowledge that there will be documents, materials and information produced for which a higher level of protection is required; such documents, materials and information may be designated as "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY." This designation should be used only for documents, materials or information constituting highly sensitive technical, financial, competitive, or personnel information, which is not generally known by third parties, that the Designator would not

4

normally reveal to third parties or would cause third parties to maintain in confidence either by agreements, policies, or procedures and that the Designator reasonably and in good faith believes could seriously harm the business, financial or commercial interests of the Designation if such information were disclosed to a receiving Party. The "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" designation may include, but is not limited to, financial information, customer lists, personnel information, product plans and technical information pertaining to products or their operation, design files, design drawings, design specifications, manufacturing techniques, laboratory notebooks, prototypes, financial and accounting information that is not made publicly available, business and marketing plans or analyses, surveys, customer communications, meeting minutes, employment records, and similar information provided that the information meets the foregoing requirements.

6. Unless prior written consent to further disclosure has been obtained from counsel for the Designator or permission for such disclosure has been given by the Court, documents, materials or information designated "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" may be disclosed only to the following persons:

(a) Court Personnel;

(b) During depositions or hearings in this Lawsuit, and in preparation for such depositions or hearings, any fact witness who prepared, received, or reviewed the "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material prior to its production in the Lawsuit, and is a current or former employee of the Designator that produced the applicable "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material;

5

(c)     Outside attorneys of any Party who are assisting in this Lawsuit and their partners, associates, paralegals, clerical, and support staff, and document service and litigation support providers assisting such counsel;

(d)     Consultants, experts, or employees thereof who are employed or retained, or otherwise consulted by any Party, or their respective counsel in connection with this Lawsuit, but only to the extent necessary for such persons to perform their role as experts or consultants;

(e)     Any representative of any insurer for any party who is involved in managing or overseeing the handling of this case;

(f)     Any mediator to this Lawsuit or any court that has jurisdiction over this matter and its employees ("Court Personnel");

(g)     Stenographic reporters or videographers who are engaged in proceedings necessarily incident to the conduct of this Lawsuit;

(h)     The jury; and

(i)     Those other persons to whom the Parties agree in writing that "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" may be disclosed;

(j)     The persons described in Paragraphs 6(d), (e), (f), (g) and (i) shall have access to "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material only after they have been made aware of the terms of this Protective Order and have manifested their assent in writing to be bound thereby, by executing the Confidentiality Agreement ("Annex 1"). Further, the persons receiving "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material are enjoined from disclosing it to any other person, except in conformity with this Protective Order.

6

7.      Designation of documents, materials or information as "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" shall only be made after the Designator's counsel, upon review of the documents, materials or information, has a reasonable, good faith belief that the documents, materials or information are entitled to protection under this Protective Order. Disagreement with or objection to such Designation shall only be made after the receiving party's counsel, upon review of the documents, materials or information, has a reasonable, good faith belief that the documents, materials or information are not entitled to such Designation under this Protective Order.

8.      The recipient of any "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material agrees to subject himself or herself to the jurisdiction of the court for the purpose of any proceedings relating to the performance under, compliance with, or violation of the Protective Order.  All parties to this Protective Order agree, and agree to inform each person to whom they disclose or give access to "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material, that damages for violation of the Protective Order are not an adequate remedy and the appropriate remedy is injunctive relief.

9.      All or any part of a document disclosed or produced herein may be designated as "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" by the Designator by marking the document with a legend designating the document as "PROTECTED CONFIDENTIAL MATERIAL: SUBJECT TO PROTECTIVE ORDER in *Indian Creek Acquisitions, LLC v. S.P.M. Flow Control, Inc.*, No. 3:13-cv-00199 (S.D. Ohio)"  or "PROTECTED CONFIDENTIAL

7

MATERIAL – ATTORNEYS' EYES ONLY: SUBJECT TO PROTECTIVE ORDER in *Indian Creek Acquisitions, LLC v. S.P.M. Flow Control, Inc.*, No. 3:13-cv-00199 (S.D. Ohio)," respectively, on the face of the document and each page so designated. With multi-page documents, it shall be sufficient that the appropriate designations, or their substantial equivalents, appear on the first page of the document. If the document is not in paper form, the Designation shall use reasonable and clearly visible means to identify the document or information as "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY."

10.     A Designator may designate deposition testimony or exhibits as "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" by advising the reporter and the other Party of such fact during the deposition or within fourteen (14) days after receipt of the deposition transcript. All deposition transcripts shall be deemed "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" in their entirety prior to the end of the fourteen-day period. In addition, any deposition in which documents designated as "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" are marked as exhibits or shown to the deponent/witness or otherwise employed shall be considered confidential and subject to the provisions of this Protective Order. If such designation is made, the words "PROTECTED CONFIDENTIAL MATERIAL: SUBJECT TO PROTECTIVE ORDER" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY: SUBJECT TO PROTECTIVE ORDER" or substantially similar language shall be placed on the original and each copy of the transcript, together with a statement identifying the pages or portions thereof, as well as any exhibits, so designated.

8

11.     At the request of the Designator, the Court may limit or restrict person(s) who are not permitted access to "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material from attending any hearing or deposition at which such information is to be revealed.

12.     Any documents, materials or information designated as "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" under this Protective Order that are to be filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this Lawsuit, an indication of the nature of the contents of such sealed envelope or container, the words "CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER" or substantially similar language, and a statement substantially in the following form:

> This envelope, containing documents which are filed in this case by _____ ("the producing party") is not to be opened and the contents are not to be displayed or revealed except by prior order of this Court in accordance with Southern District of Ohio Local Civil Rule 79.3.

13.     Documents, materials and information designated as "PROTECTED CONFIDENTIAL MATERIAL" OR "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" shall be used solely in connection with the preparation for, and trial of, this Lawsuit and any appeal therein, and shall not be disclosed to any person except in accordance with the provisions of this Protective Order. Provided, however, that a recipient may make any and all use of "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material that becomes public through acts of persons other than the recipient, or which the recipient independently derives or develops from non-confidential sources.

9

14. A Designator who is not a party to this Lawsuit shall be entitled to the protections afforded herein upon signing a copy of the Protective Order and serving the same on all counsel of record.

15. In the event additional parties join or are joined in this Lawsuit, they shall not have access to "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material until the newly joined party or its counsel has executed and, at the request of any party, submitted to the Court its agreement to be fully bound by the Protective Order.

16. Each Party, their counsel, or any individual subject to this Protective Order who obtains "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material shall take all necessary and appropriate measures to maintain the confidentiality of the documents, materials or information, shall share such documents, materials or information only with persons authorized to receive it pursuant to this Protective Order, and shall retain the documents, materials or information in a secure manner. Except as provided in Paragraphs 4 and 6 above, no other person shall be permitted access to the documents, materials or information. Before any party's counsel shall deliver, exhibit, publish, or disclose any "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material to any person qualified to receive it, the party's counsel shall advise the person receiving the "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material that the information is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed other than as provided by this Protective Order.

10

17. Any person who obtains access to "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material under this Protective Order may make copies, duplicates, extracts, summaries, or descriptions of the documents, materials or information only for the purposes of this Lawsuit. All such copies, duplicates, extracts, summaries, or descriptions shall be subject to the terms of this Protective Order to the same extent and manner as original documents, materials or information.

18. Any "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material may be used by any Party at any hearing or trial of this case subject to the rules of evidence and the requirements of this Protective Order, or such other Order as the Court may enter. Prior to introducing into evidence or otherwise disclosing at trial or hearing any "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" materials, and within 30 days after entry of this Order by the Court, the Parties shall submit a procedure to maintain confidentiality to the Court for its approval.

19. Each party or non-party shall exercise good faith in designating material as "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY." If the receiving party, exercising good faith, disagrees with the producing party's designation, the receiving party shall request in writing the producing party to redesignate each document. The Designator shall then either affirm the designation or redesignate the document within ten (10) business days after receipt of the request to redesignate. The producing party has the burden of demonstrating that the document is entitled to its designated status. Unless and until this Court enters an Order to the contrary, the documents, materials or information shall be treated as "PROTECTED CONFIDENTIAL

11

MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" in accordance with its designation. Upon receipt of redesignated material from the Designator, the receiving Party shall return the original material to the Designator or destroy it.

20.     This Protective Order does not preclude any Party from moving to have any other documents, materials or information designated as protected in accordance with the rules of this Court. Any such additional documents, materials or information designated as protected may be treated as "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" pursuant to the terms of this Protective Order.

21.     Any unauthorized disclosure of documents, materials or information designated as "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" under this Protective Order shall not result in a waiver of the Designator's claim of confidentiality.

22.     Any designation that is inadvertently omitted may be corrected by written notification from the Designator to counsel for the receiving party accompanied by substitute material with the designation. The receiving party shall have ten (10) business days from the receipt of such notice of redesignation to object to the redesignation in writing. Upon such an objection being timely made, this Court shall determine whether or not such material can be redesignated. The Designator has the burden of demonstrating the designated status. Until such a ruling is made by this Court, the receiving party shall treat such redesignated material in the same manner as the newly designated or redesignated status would require. Regardless, no party shall be deemed to have violated this Order, if, prior to notification of any later designation, such document or material has been disclosed or used in a manner inconsistent with the later designation. For any material ultimately redesignated, either by consent or order of the Court, the receiving Party shall return the original material to the Designator or destroy it.

DMSLIBRARY01:22808069.1

23.     Producing or receiving "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" or otherwise complying with this Protective Order shall not:

A.     prejudice the rights of the Parties to object to the production of documents they consider not subject to exchange except where such objection is based solely on the confidentiality of such documents;

B.     prejudice the rights of any Party to petition the court for a further confidentiality order relating to any purportedly "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY";

C.     prejudice the rights of any Party to seek the court's determination of whether any document or testimony constitute PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" under the terms of theis Protective Order;

D.     prevent the Designator from waiving the provisions or protections provided for by this Protective Order with respect to particular material produced by the Designation; or

E.     operate as an admission by any Party that any particular "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" contains or reflects trade secrets, proprietary or any other type of confidential or protectable matter.

24.     In the event that any Party inadvertently produces a document that otherwise is not discoverable for reasons of the attorney-client privilege, work product immunity, or other applicable privilege against discovery, regardless of whether the information was so designated at the time of disclosure, such inadvertent production shall not constitute any waiver of privilege or work product immunity and all copies of such inadvertently produced documents shall promptly be destroyed or returned to the requesting party on demand. Copies of inadvertently or mistakenly produced documents shall be returned, and any document or material containing information reflecting the contents of the inadvertently produced information shall be expunged. If a Receiving Party objects to the return of such information within the seven (7) business day

13

period described above, the Producing Party may move the Tribunal for an order compelling the return of such information. Pending the Tribunal's Decision, a Receiving Party may retain the inadvertently or mistakenly produced documents in a sealed envelope and shall not make any copies or use of such information and shall not distribute such information in any manner.

25.     All documents designated as "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" in accordance with this Protective Order shall be returned to the Designator on the conclusion of this action (or, with written permission by the Designator, destroyed). The "conclusion" of this action means, as to the Parties, sixty (60) days following the completion of this Lawsuit, whether by the entry of judgment and the exhaustion of (or expiration of time for) appeal rights or as may be determined by the Court. On the conclusion of this action, the Parties shall agree on a procedure to facilitate the return or destruction of "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material. Counsel for the Parties required to return or destroy said documents, materials or information to the Designator shall provide a certification in writing to the Designator stating that said counsel has made all reasonable efforts to retrieve any documents, materials or information subject to this Protective Order and that all such documents, materials or information have been returned or destroyed, or if not, providing a description of the circumstances relating to any documents, materials or information not returned or destroyed. Outside counsel for the Parties shall be entitled to retain deposition and trial transcripts and attorney work product, including "PROTECTED CONFIDENTIAL MATERIAL" and "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY," provided that such outside counsel shall not disclose such transcripts or work product to any person except pursuant to a court order or agreement with the

14

Designator. The Clerk of the Court shall maintain under seal all documents filed under seal until the Court orders otherwise.

26.     Notwithstanding the obligation of a Party to return or destroy another Party's "PROTECTED CONFIDENTIAL MATERIAL" and "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY", a Party may retain copies of any documents, materials or information that were submitted to the Court in the form in which they were submitted to the Court, but the right to retain a copy of such submissions extends only to Parties (as to "PROTECTED CONFIDENTIAL MATERIAL" but does not permit a Party to receive or retain "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" in violation of Paragraph 6) and their counsel (and not to any third parties). To the extent that a Party or counsel retains a copy of a Court submission that contains "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" the Party or counsel remains obligated to maintain the confidentiality of such "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material consistent with the terms of this Protective Order into perpetuity.

27.     A Party or counsel who retains any of another Party's "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" materials because it was contained within a Court submission (as permitted by Paragraph 26 of this Protective Order) may not disseminate that "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material to any third party without prior written consent of the Designator, or pursuant to court order.

15

28. To the extent that a Party disseminated any other Party's "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material to a third party (as permitted under Paragraphs 4, 6, or 26 of this Protective Order), the Party that disseminated such information to the third party is responsible for ensuring that the third party has destroyed or returned such "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" material in accordance with Paragraph 25 of this Protective Order.

29. This Protective Order shall survive the termination of this action and continue in full force and effect.

30. This Protective Order shall in no way restrict the Parties in their use of their own documents, materials and information, irrespective of whether such document or information has been designated as "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY."

31. If any court, administrative agency, legislative body, or other governmental entity requests or subpoenas or orders the production of any material designated under this Protective Order that a party, its counsel, or any other person has obtained in connection with this Lawsuit, such person shall immediately notify the Designator in writing of such request, subpoena, or order by delivering by hand, electronic mail or by facsimile a copy of such request, subpoena, or order, and will exercise reasonable good faith efforts not to make such documents or information available until twenty (20) days after the Designator has been notified. Notice to the Designator shall occur by notifying the respective counsel signing below.

16

32. This Protective Order shall be in effect upon execution by counsel for Plaintiff and Defendant. The Parties agree to be bound by the terms of this proposed Order pending its adoption or supplementation by the Court.

33. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligation arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED this _9th_ day of May, 2014.

_____
JUDGE

17

The undersigned, on behalf of their client, hereby consents to the form and entry of the foregoing Order.

INDIAN CREEK ACQUISITIONS, LLC
d/b/a MUTUAL TOOL

By: /s/Christine M. Haaker

Christine M. Haaker (#0063225)
937.443.6822
Christine.Haaker@ThompsonHine.com
Terry W. Posey, Jr. (#0078292)
937.443.6857
Terry.Posey@ThompsonHine.com
THOMPSON HINE, LLP
Austin Landing I
10050 Innovation Drive, Suite 400
Miamisburg, Ohio 45342
937.443.6635 (facsimile)

The undersigned, on behalf of their client, hereby consents to the form and entry of the foregoing Order.

S.P.M. FLOW CONTROL, INC. d/b/a
WEIR SPM

By:/s/Cynthia Stroman per approval 5/1/14

Danielle M. Brim
Ohio Bar No. 0079670
dbrim@kslaw.com
Cynthia Stroman (by *pro hac vice*)
Texas Bar No. 00791748
cstroman@kslaw.com
King & Spalding LLP
1700 Pennsylvania Avenue NW Suite 200
Washington, DC 20006-4707
Telephone: (202) 737-0500
Facsimile: (202) 626-3737

18

Jeremiah J. Anderson (by *pro hac vice*)
Texas Bar No. 24040432
jjanderson@kslaw.com
King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290 (facsimile)

19

**ANNEX 1**

**Protective Order Confidentiality Agreement**

The undersigned hereby acknowledges that he/she has read the foregoing Confidentiality and Protective Order ("Protective Order") entered in the case presently pending in the United States District Court for the Southern District of Ohio entitled *Indian Creek Acquisitions, LLC v. S.P.M. Flow Control, Inc.*, No. 3:13-cv-00199 ("the Lawsuit"), understands the terms thereof, and agrees, upon threat of penalty of contempt, to be bound by such terms. The undersigned understands that disclosure of information which has been designated as "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" by the Designator of that information may cause substantial harm to the affected business' competitive position. Accordingly, among other responsibilities, the undersigned shall only share such information with persons specifically authorized to receive the information pursuant to the Protective Order, shall retain the information in a secure manner, and shall use such information only for the purposes authorized by the Protective Order. The undersigned understands that the pledge of confidentiality under this Agreement continues after this Lawsuit is over. The undersigned further understands his/her obligation after the Lawsuit is over to return to counsel of record (or, with written permission by the Designator, destroy) any such information or documents designated as "PROTECTED CONFIDENTIAL MATERIAL" or "PROTECTED CONFIDENTIAL MATERIAL – ATTORNEYS' EYES ONLY" and submits to the jurisdiction of this Court in conjunction with his/her compliance or non-compliance with the Protective Order.

20

Dated: _____     Signed: _____

_____

[Print Name]

_____

_____

Address

DMSLIBRARY01:22808069.1